

judges of this court has voted to grant the petition for rehearing en banc, it is

ORDERED that appellant's petition for rehearing en banc is granted and that the opinion and judgment of April 8, 1986, 508 A.2d 75, are hereby vacated. It is

FURTHER ORDERED that counsel for the parties, on or before October 17, 1986, shall file supplemental memoranda on the question of whether Watson was denied due process through the performance of counsel on appeal. *See Rose v. Clark,* — U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), *Smith v. Murray,* — U.S. ——, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), *Murray v. Carrier,* — U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), and *Kimmelman v. Morrison,* — U.S. ——, 106 S.Ct. 2574 , 91 L.Ed.2d 305 (1986). The Clerk shall schedule these cases for argument before the court sitting en banc on the November calendar. Counsel are hereby directed to provide ten copies of the briefs heretofore filed to the Clerk on or before September 29, 1986.

Charles L. Reischel, Deputy Corp. Counsel, for appellees.

Before PRYOR, Chief Judge, NEBEKER, MACK, NEWMAN, FERREN, BELSON, TERRY, ROGERS *, and STEADMAN, Associate Judges, and PAIR, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the motion of appellants for leave to file a supplemental brief, the lodged supplemental brief, and the joint motion of parties to remand this case to the Superior Court with instructions to dismiss as moot, and it appearing that the above case is scheduled to be argued en banc on Tuesday, September 9, 1986, it is

ORDERED that the motions are granted and the Clerk is directed to file appellants' lodged supplemental brief. It is

FURTHER ORDERED that this case is hereby remanded to the Superior Court with instructions to dismiss this matter as moot.

**Robert G. FISHER, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 84–896.

District of Columbia Court of Appeals.

Sept. 8, 1986.

Douglas B. Huron, Washington, D.C., for appellants.

* Associate Judge Rogers has recused from participating in this case.